965 F.2d 1063
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Bulathsinhalage B. COORAY.
 No. 91-1335.
 United States Court of Appeals, Federal Circuit.
 April 7, 1992.
 
 Before NIES, Chief Judge, and ARCHER and CLEVENGER, Circuit Judges.
 NIES, Chief Judge.
 
 
 1
 Bulathsinhalage B. Cooray (Cooray) appeals from a decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (Board) as supplemented on Reconsideration rejecting all claims of application Ser. No. 06/901,147 as unpatentable under 35 U.S.C. § 103. Because the PTO has failed to present a prima facie case of obviousness, we reverse and remand the Board's decision.
 
 Cooray's Invention
 
 2
 Cooray claims a "photodegradant composition" for use in polymers, preferably polyolefins. The purpose of this composition is the acceleration of the degradation process after disposal. Cooray's "photodegradant composition" is comprised of a "photodegradant compound" and a "photostabilizer compound." The "photodegradant compound" enhances the polymer's rate of photochemical degradation; the "photostabilizer compound" retards this rate, but enhances the stability of the polymer during high temperature processing. Independent claim 1 limits the former to ketone complexes of copper and the latter to zinc complexes of alkyldithio acids. The remaining claims are dependent upon claim 1. Claimed combinations of zinc dimethyldithiocarbamate (ZDC) and copper 2, 4-pentadione (CAA) are exemplified.
 
 
 3
 Cooray has identified a "synergistic photodegradation effect" and a "synergistic process stability effect", in that the claimed composition exhibits the desirable properties of each of its constituents. In effect, Cooray's invention combines the photodegradation properties of copper/ketone complexes with the process stability properties of zinc/alkyldithio acid complexes. According to Cooray, this behavior is "synergistic", rather than reflective of the weighted average of the properties of the individual components.
 
 Analysis
 
 4
 In its original opinion, the Board reversed the rejection entered by the examiner and substituted its own section 103 rejection, based upon another set of references. The Board relied upon U.S. Patent No. 3,454,510 (Newland) as teaching the use of CAA as a photodegradant and U.S. Patent No. 4,121,025 (Scott) as teaching the use of ZDC also as a photodegradant--contrary to what is disclosed and claimed by Cooray. Citing our predecessor's decision in In re Kerkhoven, 626 F.2d 846, 205 USPQ 1069 (C.C.P.A.1980), the Board held that it would have been obvious to combine the two for their additive effect. Taking judicial notice of the opinion in In re Thomlinson, 363 F.2d 928, 150 USPQ 623 (C.C.P.A.1966), the Board stated that the common knowledge that ZDC functioned as a process stabilizer would provide further incentive to make Cooray's claimed combination. Cooray's report of "synergism" was dismissed as contrary to the teaching of Scott. On Reconsideration, the Board held that any "synergism" reported by Cooray was suggested in Scott.[1]
 
 
 5
 On appeal, the Solicitor concedes the Board's finding that Scott teaches that ZDC is a photodegradant is in error. He also contends that on Reconsideration, the Board abandoned its earlier Kerkhoven rationale, and relied instead on combining Newland's teaching of CAA photodegradant with Scott's teaching of ZDC as a photostabilizer to construct prima facie obviousness. He further argues that the "synergism" reported by Cooray is not unexpected in light of the disclosure in Scott.[2]
 
 
 6
 We are not persuaded that the Board abandoned the concededly erroneous Kerkhoven rationale on Reconsideration. The Board's opinion is not a model of clarity. Nevertheless, it states on page 2 that:
 
 
 7
 Appellant charges that the "Board misapprehended the teachings of the applied references." Appellant says that neither Scott nor the British reference teaches that zinc dialkyldithiocarbamate (ZDC) is useful as a photodegradant. We disagree.
 
 
 8
 Under the clearly erroneous standard, we must reverse where we have a definite and firm conviction that a mistake has been made. In re Cavenay, 761 F.2d 671, 675, 226 USPQ 1, 3 (Fed.Cir.1985). It is our conviction in this case that the Board's finding that the references teach that ZDC is a photodegradant is clearly erroneous. The Solicitor has admitted as much. The Board relied upon this clearly erroneous fact finding to construct its prima facie case of obviousness. That decision, thus, cannot stand.
 
 
 9
 We decline to consider the Solicitor's arguments which would restructure a section 103 rejection despite appellant's urging that we decide the matter. These are new grounds of rejection presented for the first time on appeal. In re Nygard, 341 F.2d 924, 928-29, 144 USPQ 586, 590 (C.C.P.A.1965). Accordingly, we reverse the Board's decision and remand to the Board for further action, if appropriate, consistent with this opinion.
 
 
 
 [1]
 In its relevant part, Scott states that:
 ... a mixture of 0.005% of zinc dibutylthiocarbamate and 0.005% of iron dibutylthiocarbamate, based on the weight of the polymer, provides a faster rate of degradation than 0.01% of either component.
 
 
 [2]
 On this point, the Solicitor relies upon the Scott "synergism" reference cited by the Board on Reconsideration. The Solicitor has also bolstered his record by "graphing" some of Scott's data. The nonlinearity of this graph is offered by the Solicitor as evidence that Cooray's "synergism" is not unexpected